THOMAS E. PATTERSON (State Bar No. 130723)
DAVID A. FIDLER (State Bar No. 195648)
STACIA A. NEELEY (State Bar No. 233157)
COURTNEY E. POZMANTIER (State Bar No. 242103)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone:   (310) 407-4000
Facsimile:    (310) 407-9090

Reorganization Counsel for
Debtor and Debtor In Possession

Debtor's Mailing Address
3828 Delmas Terrace
Culver City, CA 90232

Federal Tax I.D. # XX-XXX3823

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>BROTMAN MEDICAL CENTER, INC., a California corporation,<br><br>   Debtor.<br>_____<br>Retha Green, by & thru her Guardian ad Litem, Rosslyn Diamond,<br><br>   Movant,<br><br>v.<br><br>Brotman Medical Center, Inc.,<br><br>   Respondent. | Case No.: LA 07-19705 (BB)<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO MOTION OF RETHA GREEN FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR CONTINUED HEARING THEREON**<br><br>**Requested Continued Hearing**<br><br>Date:    January 9, 2008<br>Time:   10:00 a.m.<br>Place:   Courtroom 1475<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

101422.1

Brotman Medical Center, Inc., debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby submits its opposition to, and request for a continued hearing on (the "Opposition"), the motion of Retha Green, by and through her *Guardian ad Litem*, Rosslyn Diamond (the "Movant"), for relief from the automatic stay (the "Motion"), and in support thereof respectfully represents and states as follows:

## I.

## BACKGROUND

The Debtor commenced this case on October 25, 2007 by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). The Debtor has continued in possession of its assets and is operating its business as a debtor and debtor in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

On December 14, 2007, Movant filed the Motion, seeking relief from the automatic stay imposed by Bankruptcy Code section 362, to proceed with Movant's lawsuit against the Debtor, styled *Retha Green by & thru her Guardian ad Litem, Rosslyn Diamond, v. Brotman Medial Center, Inc., et al.*, case no. SC 093736, pending in the Los Angeles Superior Court, West District (the "Stayed Litigation"). No trial date has been set for the Stayed Litigation. The declaration of Freddie Fletcher in support of the Motion, however, states that the trial on the stayed litigation is estimated to require 15 court days, and that "discovery is proceeding." Fletcher Decl. at ¶4.c. Movant's counsel did not contact the Debtor or its counsel prior to filing the Motion to seek the Debtor's consent to the Motion or otherwise discuss Movant's alleged need for relief from the automatic stay.

After receipt of the Motion, the Debtor's reorganization counsel tried, on at least 4 occasions to contact Mr. Fletcher and effect a consensual resolution of the Motion. Specifically, the Debtor was prepared to enter into a stipulation modifying the automatic stay to allow (i) the Stayed Litigation to proceed in the superior court for the purpose of determining the Debtors' liability on the Personal Injury Claim, (ii) Movant to compromise

and settle the amount of such liability with the insurance carriers that have insured the Debtor in respect of the Movant's claims, to the extent of such coverage, and (iii) to recover in respect of such liability (whether adjudicated or compromised) any amounts that may be available under insurance policies of the Debtor, but only from amounts available under such policies, in exchange for Movant's waiver of its claims against the Debtor. As set forth in the attached *Declaration of Thomas E. Patterson*, the Debtor's counsel never received a response from Mr. Fletcher, necessitating the filing of this Opposition.

## II.

## OPPOSITION

The Motion was filed on December 14, 2007, less than two months after the commencement of this chapter 11 case. At this juncture, it is unclear what type of dividend will be available for unsecured creditors, or what direction this case will take in terms of the Debtor's ultimate reorganization strategy. The statutory meeting of creditors required by section 341(a) of the Bankruptcy Code is scheduled for January 8, 2007, and the first status conference in this case is scheduled for January 9, 2007. No claims bar dates have been set by the Court.

Viewed in light of these facts, the Debtor believes that the Motion is premature and should be overruled. Put simply, it is not necessary to determine the amount of Movant's claims against the estate at this time. The Stayed Litigation is one of the myriad state court proceedings pending against the Debtor. The Debtor has not yet evaluated the merits of these proceedings, much less formulated a strategy with respect thereto. Instead, the Debtor's management and its professionals have been focused on, among other things, improving the efficiency and profitability of the Debtor's operations, exploring the viability of various restructuring alternatives, complying with the various duties imposed by the Bankruptcy Code and the United States Trustee, and responding to requests for information from the Official Committee of Unsecured Creditors and its professionals, the United States Trustee, and others. Granting the Motion and allowing the Stayed Litigation to proceed would distract the Debtor's management and professionals from these important tasks, and

serve only to burden the Debtor's estate with the expense associated with the Debtor's participation in and defense against the Stayed Litigation. The automatic stay was designed to protect the Debtor from precisely this type of expense and distraction. As noted by Collier's:

> The stay provides the debtor with relief from the pressure and harassment of creditors seeking to collect their claims. It protects property that may be necessary for the debtor's fresh start and, in terms of a chapter 11 debtor, provides breathing space to permit the debtor to focus on its rehabilitation or reorganization.

3 Alan N. Resnick, et al., COLLIER ON BANKRUPTCY ¶ 362.03 (15th ed. rev'd 2007).[1]

The failure of Movant's counsel to respond to the Debtor's attempts to consensually resolve Movant's request for relief from stay, thereby causing the Debtor's counsel to incur professional fees (at the expense of the Debtor's estate) responding to the Motion and appearing at the hearing thereon, also supports denial of the Motion.

The Debtor is nonetheless willing to enter into a stipulation with the Movant lifting the stay, pursuant to the following terms: (i) the automatic stay shall be vacated to permit Movant to proceed against the Debtor as a nominal defendant only; (ii) notwithstanding any self-insured retention, deductible, policy limits, or other limitation on the availability of insurance, the Movant shall seek satisfaction of any its claims against the Debtor only from the Debtor's insurance carrier(s) and only from applicable insurance proceeds, if any; and (iii) with the exception of its rights against applicable insurance proceeds, Movant waives any and all claims she may assert against the Debtor, its estate, the past or present officers, directors, employees, agents and professionals of the Debtor, or the respective property of any of the foregoing, and is barred from filing a proof of claim in the Debtor's bankruptcy case.

---

[1] citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It give the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove [it] into bankruptcy.")

## III.

## DEFECTIVE SERVICE

Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure specifically requires a motion for relief from the automatic stay to be served on "any committee elected pursuant to § 705 or appointed pursuant to § 1102 of the Code or its authorized agent . . . . and on such other entities as the court may direct." Fed. R. Bankr. P. 4001(a)(1). Local Bankruptcy Rule 9013-1(a)(5)(B) further requires that a motion for relief from the automatic stay be served on the debtor, its counsel, and on "other parties are required by F.R.B.P. 4001." L. Bankr. R. 9013-1(a)(5)(B).

The Motion was not served on counsel to the Official Committee of Unsecured Creditors in the Debtor's case, in violation of Bankruptcy Rule 4001 and Local Bankruptcy Rule 9013-1(a)(5)(B).[2] Pursuant to Local Bankruptcy Rule 1002-2(a), "the violation of, or failure to conform to, the Local Bankruptcy Rules or F.R.B.P. shall subject the offending party or counsel to such penalties, including monetary sanctions or the imposition of costs and attorneys' fees payable to opposing counsel, as the court may deem appropriate." L. Bankr. R. 1002-2(a). In this case, the Debtor respectfully submits that the appropriate penalty for Movant's violation of Bankruptcy Rule 4001 and Local Bankruptcy Rule 9013-1(a)(5)(B) is denial of the Motion without prejudice.

## IV.

## REQUEST FOR CONTINUED HEARING

The hearing on the Motion is scheduled for January 8, 2008 at 10:00 a.m. The statutory meeting of creditors pursuant to Bankruptcy Code section 341(a) (the "341(a) Meeting") is also scheduled for January 8, 2008 at 10:00 a.m. Notice of the 341(a) Meeting

---

[2] The proofs of service filed with respect to the Motion, the *Memorandum of Points and Authorities* in Support thereof, and the *Exhibit 1 Accompanying Motion for Relief From the Automatic Stay* all state that such pleadings were only served on the following parties: (1) Attorney for Debtor: Judith M. Tishkoff, Lewis Brisbois Bisgaard & Smith LLP, 221 N. Figueroa St., Ste. 1200, Los Angeles, CA 90012; (2) Attorney for Debtor: Thomas E. Patterson, David A. Fidler, Esq., Klee, Tuchin, Bogdanoff & Stern, LLP, 1999 Avenue of the Stars, 39th Floor, Los Angeles, CA 90067; and (3) U.S. Trustee: Jill Sturtevant, Officer of the United States Trustee, 725 S. Figueroa St., 26th Floor, Los Angeles, CA 90017. See Docket Nos. 181-183.

was provided to all known creditors of the Debtor on November 17, 2007, see Docket No. 99, and the Debtor expects that the meeting will be well-attended. Rescheduling the 341(a) meeting would create confusion, and providing notice of the continued meeting to the thousands of creditors and other parties in interest in this case would result in significant expense to the Debtor's estate. The Debtor therefore requests that the hearing on the Motion be continued to January 9, 2008 at 10:00 a.m. (the "January 9 Hearing"). The one day continuance requested by the Debtor will not prejudice Movant, and will prevent the Debtor and its counsel from having to be two places at once. Further, continuing the hearing on the Motion to the January 9 Hearing will promote judicial economy, as there are already two matters in the Debtor's case scheduled to be heard at such hearing. See Docket Nos. 37 and 177.

## V.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court deny the Motion, and continue the hearing thereon to January 9, 2008 at 10:00 a.m., or to such other date and time as is convenient for the Court.

DATED:  December 26, 2007    */s/ Courtney E. Pozmantier*
COURTNEY E. POZMANTIER, an Attorney with
KLEE, TUCHIN, BOGDANOFF & STERN LLP
Reorganization Counsel for Debtor and Debtor in Possession

# DECLARATION OF THOMAS E. PATTERSON

1. I am an attorney who is admitted to practice law in the state of California, and who is admitted to practice before this Court.

2. I am a member of Klee, Tuchin, Bogdanoff & Stern LLP ("KTB&S"), reorganization counsel to Brotman Medical Center, Inc., debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"). I submit this Declaration in support of *Debtor's Opposition to Motion of Retha Green for Relief from the Automatic Stay and Request for Continued Hearing Thereon* (the "Opposition").[1]

3. Between December 17, 2007 and December 21, 2007 I made at least three (3) telephone calls to Freddie Fletcher, counsel to Movant, at the telephone number indicated on the caption page of the Motion. While I did not leave him a message each time I called, I did leave him at least two (2) voicemail messages during such period. I did not receive any response from Mr. Fletcher.

4. I called Mr. Fletcher again on December 24, 2007 and left him another voicemail message. I did not receive a telephone or email response to my message from Mr. Fletcher, and have confirmed that the other attorneys at KTB&S that represent the Debtor had not received any such response as of the date hereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of December 2007, at Los Angeles, California.

_____
THOMAS E. PATTERSON

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Opposition.

101422.1

1    Declaration of T. Patterson in Support of Debtor's Opposition to Motion for Relief from Automatic Stay