Freddie Fletcher, Attorney-at-Law (134734)
Freddie Fletcher, A Professional Law Corp.
2901 W. Beverly Boulevard, Box 703
Los Angeles, California 90057

(310) 487-4706, fax: (213) 739-1411
e-mail: freddiefletcher@ca.rr.com

Attorney for Movant, Retha Green



FILED
FEB 05 2008
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

In re:

BROTMAN MEDICAL CENTER, INC., a California corporation,

DEBTOR,

Retha Green, by & thru her Guardian ad Litem, Rosslyn Diamond,

MOVANT.

v.

Brotman Medical Center, Inc.,

RESPONDENT.

No. 07-19705 (BB)

Chapter 11

MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS.

Date: 2/5/08
Time: 10:00 a.m.
Place: Courtroom 1475
       255 E. Temple St.
       Los Angeles, CA 90012

TO THE COURT:

Movant hereby objects to the Court's tentative ruling on the grounds specified in the attached memorandum of points and authorities and supporting Declaration of Freddie Fletcher. Movant further requests, pursuant to Federal Rules of Civil

MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS

1  Procedure, Rule 52, that the Court specify its findings and conclusions of law with
2  respect to the matters set forth in the attached memorandum of points and authorities.
3  Dated: 2/5/08

*[signature]*

Freddie Fletcher
Attorney for Movant

**MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS**

# DECLARATION OF FREDDIE FLETCHER IN SUPPORT OF OBJECTIONS TO COURT'S TENTATIVE RULING

I, Freddie Fletcher, declare as follows:

1. I am an attorney duly licensed by the State of California to practice law, and the attorney for Movant herein.

2. In the state court action which underlies the motion for relief from the automatic stay I propounded on Debtor form interrogatories. Interrogatory 4.1 stated:

> At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims or actions that have arisen out of the INCIDENT? If so, for each policy state:
> (a) the kind of coverage;
> (b) the name and ADDRESS of the insurance company;
> ( c) the name, ADDRESS, and telephone number of each named insured;
> (d) the policy number;
> (e) the limits of coverage for each type of coverage contained in the policy;
> (f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
> (g) the name, ADDRESS, and telephone number of the custodian of the policy.

3. Debtor responded to interrogatory 4.1 as follows:

"This answering defendant is self-insured for the amount of $100,000.00 with excess coverage afforded by AIG."

4. Debtor then filed bankruptcy which prevented any motion in the state court seeking a further response.

5. In connection with Movant's instant motion for relief from the automatic stay, Debtor's counsel phoned me and requested that I stipulate to compromise my client's claims against Debtor to 'the extent of Debtor's insurance coverage.' See Debtor's

MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS

Freddie Fletcher
APC

Opposition to Motion of Retha Green for Relief From the Automatic Stay," p.2, lines 1-5. I responded that I could make no such stipulation without knowing whether Debtor's insurance covered my client's claims. Specifically, I asked whether Debtor's insurance covered the intentional tort claims alleged in my client's complaint.

6. Debtor's counsel would not answer the question, and I declined to blindly stipulate.

7. At the Meeting of Creditors on January 8, 2008 I asked the same question to Debtor and Debtor's counsel. Debtor's counsel refused to answer the question.

8. As of the date of this Declaration, I know nothing regarding Debtor's insurance coverage other than that information contained in Debtor's response to Form Interrogatory 4.1, namely: "This answering defendant is self-insured for the amount of $100,000.00 with excess coverage afforded by AIG."

9. It would constitute legal malpractice for me to compromise my client's claims against Debtor 'to the extent of Debtor's insurance coverage' without even knowing 'the extent of Debtor's insurance coverage.'

10. I suspect that Debtor's insurance may not cover the intentional tort claim for wrongful death based on common law battery which is alleged in the first cause of action in plaintiff's first amended complaint. A judgment on said claim would be non-dischargeable in Debtor's bankruptcy because it would constitute a "willful and malicious injury" within the meaning of § 523(a)(6) of the Bankruptcy Act (11 U.S.C.A. § 523(a)(6). I know of no law or rule which requires Movant to waive this claim as a condition for obtaining relief from the automatic stay.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of February, 2008 at Los Angeles, California.

/s/ Freddie Fletcher
Freddie Fletcher
Attorney for Movant

# MEMORANDUM OF POINTS & AUTHORITIES

## I. OBJECTIONS TO COURT'S TENTATIVE RULING.

### A. The Court's Tentative Ruling.

The Court's tentative ruling states:

"Court agrees that, if and when the merits of movant's claims need to be resolved, state court is the appropriate forum; however, nothing contained in the motion explains why relief from stay needs to be granted now. If movant were prepared to waive any claims against the estate and proceed only against insurance coverage, continued prosecution of this litigation would be less likely to distract the debtor and its principals from its reorganization efforts (and the court would, therefore, be inclined to grant such relief). Absent such a waiver, however, it would adversely impact the debtor's reorganization efforts if this litigation were to move forward at this juncture."

### B. Movant's Objections.

#### 1. The ruling ignores the moving papers.

The Court's tentative states that "nothing contained in the motion explains why relief from stay needs to be granted now." This statement ignores Section VIII.C of Movant's "MEMORANDUM OF POINTS & AUTHORITIES SUPPORTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362," pp. 11-13. The points made in said section of Movant's memorandum of points and authorities are summarized as follows:

    a. Relief from stay needs to be granted now to enable Movant to obtain Decedent's medical records. Decedent's medical records are in the custody and under the sole control of Debtor. They are essential to a proof of Movant's claims.

MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS

Freddie Fletcher
APC

If the stay remains in effect, Movant will be deprived of these essential records, severely hampering if not preventing Movant from proving her claims.

b. Relief from stay needs to be granted now to enable Movant to conduct discovery to obtain the identities of DOE defendants. The identity of the fictitiously named defendants lies solely within the knowledge of Debtor. If the stay remains in effect preventing further discovery, their identities cannot be determined, preventing suit against them.

c. Relief from stay needs to be granted now to enable Movant to conduct discovery to identify address of nurse who worked for Debtor as a "borrowed employee." One of the nurses who is named as a defendant in the state action worked for a nurses' registry, and worked for Debtor at the time of the incident as a "borrowed employee." Only Debtor knows the identify of the registry for which said nurse was borrowed, or its address. Movant's last attempt to serve summons and complaint on said nurse at Debtor's address resulted in Debtor returning said papers marked"Return to sender." With the stay in effect, Movant is unable to proceed with discovery to ascertain the borrowed nurse's address, preventing service of process on her.

d. Relief from stay needs to be granted now to enable Movant to conduct discovery to identify persons interviewed by state investigators. The California Department of Health Services ("DHS") interviewed several administrators and physicians for Debtor in the conduct of its investigation into Decedent's death. Statements made by said persons are recorded in the DHS report, but none of those interviewed are identified by name. Their statements provide key evidence supporting Movant's claims against Debtor and the other defendants. The stay prevents further discovery from Debtor, and severely hampers Movant's effort to identify those persons interviewed by DHS, and inquiry into the information reflected by their statements which are recorded in the DHS report.

MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS

2. <u>The ruling does not address the merits of Movant's motion, and, specifically, does not address any of the circumstances which the court should consider in exercising its discretion on a motion for relief from the automatic stay.</u> None of the circumstances set forth in *In re Johnson*, 115 B.R. 634, 636 (Bankr.D.Minn.1989) and in Movant's memorandum of points and authorities which are relevant to the court's exercise of its discretion to grant relief from the automatic stay are addressed by the tentative ruling. Aside from the conclusory statement that "it would adversely impact the debtor's reorganization efforts if this litigation were to move forward at this juncture," nothing appears in the court's tentative which addresses any of relevant circumstances and factors which the court should consider on a motion for relief from the automatic stay.

3. <u>There appears to be no authority for the court to condition relief from stay on Movant waiving bona fide claims against Debtor, a judgment on which would be non-dischargeable in Debtor's bankruptcy.</u> The court's tentative states:

> "If movant were prepared to waive any claims against the estate and proceed only against insurance coverage, continued prosecution of this litigation would be less likely to distract the debtor and its principals from its reorganization efforts (and the court would, therefore, be inclined to grant such relief). Absent such a waiver, however, it would adversely impact the debtor's reorganization efforts if this litigation were to move forward at this juncture."

The first cause of action in Movant's first amended complaint against Debtor states a claim for wrongful death based on common law battery. The alleged facts (i.e., Debtor nurses' forgery of Decedent's signature on consent to admission forms; surgery without consent; surgery to treat a condition fabricated by the surgeon to exist) state a claim for a "willful and malicious injury" within the meaning of § 523(a)(6) of the

**MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS**

Freddie Fletcher
APC

Bankruptcy Act (11 U.S.C.A. § 523(a)(6)). A judgment based these alleged facts would be nondischargeable in Debtor's bankruptcy.

This writer has found no authority for the court's suggestion that Movant waive this claim against Debtor as a condition for obtaining relief from stay. Furthermore, it is improper for the Court to suggest that Movant's counsel commit legal malpractice by compromising his client's claims 'to the extent of Debtor's insurance coverage' as a condition for obtaining relief from the automatic stay. (See attached "Declaration of Freddie Fletcher.")

## II. Request for findings of fact and conclusions of law (Fed.R.Civ.Proc. Rule 52.

Movant requests the court to address the following in its ruling:

1. What is the basis of the Court's finding that "it would adversely impact debtor's reorganization efforts if this litigation were to move forward at this juncture."

2. What "adverse impact" on Debtor derives from Movant litigating the intentional tort claim for wrongful death against Debtor given that a judgment based on it would be non-dischargeable in Debtor's bankruptcy?

3. What "adverse impact" on Debtor derives from Movant litigating a claim for negligence against Debtor given that such a claim is likely covered by Debtor's insurance?

Dated: 2/5/08

Respectfully submitted,

_____
Freddie Fletcher
Attorney for Movant

MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS

# Proof of Service

I, Freddie Fletcher, declare as follows:

1. I am an attorney, duly licensed to practice law by the State of California, and the attorney of record for Movant herein.

2. On 2/5/08 I served the document entitled:

> **MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS**

to the parties listed hereinbelow by placing said document in an envelope, sealing it, attaching first-class pre-paid postage, and depositing the envelope in the U.S. Postal Service at Los Angeles, California.

| | |
|---|---|
| Attorney for Debtor | Judith M. Tishkoff<br>Lewis Brisbois Bisgaard & Smith LLP<br>221 N. Figueroa St., Ste. 1200<br>Los Angeles, CA 90012 |
| Attorney for Debtor | Thomas E. Patterson<br>David A. Fidler, Esq.<br>Klee, Tuchin, Bogdanoff & Stern, LLP<br>1999 Avenue of the Stars, 39th Floor<br>Los Angeles, CA 90067 |
| Attorney for Creditor Committee | Benjamin Seigel<br>Buchalter Nemer, P.C.<br>1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA 90017-2457 |
| U.S. Trustee | Jill Sturtevant<br>Office of the United States Trustee<br>725 S Figueroa St., 26th Floor<br>Los Angeles, CA 90017 |

3. I declare under penalty of perjury that the foregoing is true and correct. Executed on 2/5/08 at Los Angeles, California.

_____
Freddie Fletcher
Attorney for Movant

MOVANT'S OBJECTIONS TO COURT'S TENTATIVE RULING; REQUEST FOR STATEMENT OF FINDINGS OF FACT & CONCLUSIONS OF LAW; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF FREDDIE FLETCHER SUPPORTING OBJECTIONS

Freddie Fletcher
APC